THOMAS BOWEN, ADMINISTRATOR OF ELIZA BOWEN, v. M. F. SCHNIBBEN.

(Filed 25 October, 1922.)

**1. Instructions—Prejudicial Omissions—Appeal and Error—Statutes.**

Where the effect of a charge of the court to the jury is to eliminate from the case an instruction upon a principle of law arising from the evidence, so necessary that its omission would necessarily and substantially prejudice one of the parties, in the consideration of the evidence by the jury, it will be held for reversible error, notwithstanding the party so prejudiced has not tendered a prayer for instruction covering the omission of which he complains. C. S., 564.

**2. Same—Prayer for Instruction.**

Where a statute appertaining to the matters in controversy provides that certain acts of omission or commission shall or shall not constitute negligence, it is incumbent on the trial judge, in his charge to the jury, to apply to the various aspects of the statute such principles of the law of negligence as may arise under the evidence in the case.

**3. Same—Negligence—Automobiles.**

> An instruction in an action to recover damages for the alleged negligence of the defendant in running upon and killing the plaintiff's intestate while a pedestrian upon the highway that fails to charge specifically as to the speed, the lookout, the signal, or control of the machine, or the other requirements of the driver of the automobile prescribed by the statutes, C. S., 2116, 2118, and arising from the evidence in the case, is not cured by a general charge upon the rule of the prudent man, as to speed, or lookout, or the management of the car; and the omissions to charge specifically upon the statutory obligations is reversible error, without the tender of a prayer for more specific instructions by the plaintiff.

Appeal by plaintiff from *Bond, J.,* at May Term, 1922, of New Hanover.

Civil action to recover damages for the intestate's death, alleged to have been caused by the negligence of the defendant while operating an automobile on a public highway. The first issue, Was the death of the plaintiff's intestate caused by the negligence of the defendant, as alleged in the complaint? was answered in the negative. Judgment, and appeal by plaintiff.

*John D. Bellamy & Sons for plaintiff.*
*Herbert McClammy, J. C. King, and K. O. Burgwin for defendant.*

Adams, J. On 22 July, 1920, between 3 and 4 o'clock in the afternoon, James Ballard and Eliza Bowen, the plaintiff's intestate, were walking in or near the village of Villa View along the principal thoroughfare which extends from Wilmington to Wrightsville. At about 3:30 the defendant, driving a Chalmers car, left Wilmington in company with his father to call on the operator of the substation at Wrightsville. The defendant, the intestate, and Ballard were going in the same direction. The speed at which the car was moving was variously estimated by the witnesses. One witness said that before it came in sight he heard "a rumbling and a roar" that sounded like an aeroplane. Another likened the speed to that of flying. There was evidence tending to show that every time they struck a "bump" in the road the wheels of the car jumped three or four inches, and that the speed was not less than fifty miles an hour. Norma Craft, 11 years of age, testified that she was going toward Wilmington on a bicycle along the right side of the road, "almost in the grass and looking ahead," when the automobile struck her rear wheel and destroyed it. The defendant knew nothing of this collision at the time, but learned of it afterward. Immediately after striking the bicycle, the machine swerved to the right—two wheels going off the hard surface into the sand—and got beyond the defendant's

control. The defendant testified that he was running not more than fifteen miles an hour, and that he turned to the right to avoid a collision with Norma Craft, who was going across the road, and in doing so lost control of his steering wheel and found himself unable to get back into the road as quickly as he thought he could. At this time Ballard and the deceased were some distance in advance. The defendant said that they were on the hard road, and Ballard said they were off the road and in the sand; at any rate, they were at the right side of the highway. There was evidence tending to show that the klaxon was not sounded and no signal of approach was given. With slight abatement of speed, if any at all, the automobile struck both Ballard and the deceased. Ballard was thrown over the top of the car, and the deceased, hurled twenty feet in the air, fell on the radiator. Within two hours she died; Ballard survived. The defendant did not deny that the death of the intestate was caused by the collision.

This outline of the evidence will serve to explain the cause of action and the ground of the plaintiff's exception. After stating the contentions of the parties, his Honor instructed the jury on the first issue as follows: "Was this defendant operating his machine, as to speed and as to lookout, and in all other respects, in such a way as a person of reasonable care and prudence, considering the deadly nature of an automobile, would have done under the same circumstance? If you say you find he was, and that there was no negligence on his part, your answer to the first issue should be 'No.' "

To this instruction the plaintiff excepted, and assigned as error not so much its inaccuracy as its limited or restricted scope. In C. S., 2116, it is provided that upon approaching a pedestrian who is upon the traveled part of any highway, . . . every person operating a motor vehicle shall slow down and give a timely signal with his bell, horn, or other device for signalling; and section 2618, not including the recent amendment, is as follows: "No person shall operate a motor vehicle upon the public highways of this State recklessly, or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic, and use of the highway, or so as to endanger the property or the life or limb of any person: *Provided,* that a rate of speed in excess of eighteen miles per hour in the residence portion of any city, town, or village, and a rate of speed in excess of ten miles per hour in the business portion of any city, town, or village, and a rate of speed in excess of twenty-five miles per hour on any public highway outside of the corporate limits of any incorporated city or town, shall be deemed a violation of this section: *Provided further,* that no person shall operate upon the public highways inside the corporate limits of any incorporated city or town of this State a motor vehicle with muffler cut-out open."

In giving a charge to the petit jury, the judge shall state in a plain and correct manner the evidence given in the case, and declare and explain the law arising thereon. C. S., 564. It is true, under the provisions of this statute, that when a judge has charged generally on the essential features of a case, a litigant who desires a more direct application of the law to some particular phase of the evidence should bring it to the attention of the court by prayers for instructions, but where a statute appertaining to the matters in controversy provides that certain acts of omission or commission shall or shall not constitute negligence, it is incumbent upon the judge to apply to the various aspects of the evidence such principles of the law of negligence as may be prescribed by statute, as well as those which are established by the common law. *Orvis v. Holt,* 173 N. C., 233; *Matthews v. Myatt,* 172 N. C., 232. We think the court failed to comply with this requirement. When the judge so charges as to eliminate from the case a substantial part of it, which would necessarily prejudice one of the parties, it will be reversible error. *Matthews v. Myatt, supra.* True, the jury were further instructed that if the defendant did not observe the rule of the prudent man as to speed, or lookout, or the management of the car, the issue should be answered in favor of the plaintiff, but they were not specifically instructed as to the law of negligence with reference to the speed, the lookout, the signal, or the control of the machine. If the defendant exceeded the legal rate of speed, or failed to slow down or give a timely signal when approaching the deceased, if she was on the traveled part of the highway, or operated his car recklessly or at a greater rate of speed than was reasonable and proper under the circumstances, or in such way as to endanger life, limb, or property, he was negligent, and if his negligence was the proximate cause of the intestate's death, the answer to the first issue should be in the affirmative. Of course, in connection with the plaintiff's contentions as to the alleged breach of the statute those of the defendant should receive due consideration.

We are of opinion that the controversy should be submitted to another jury with more specific instructions on the question of negligence.

New trial.