### JIM WATSON v. SYLVA TANNING COMPANY.

(Filed 23 December, 1925.)

**Instructions—Evidence—Contentions—Statutes—New Trials.**

> Under the provisions of our statute, C. S., 564, it is reversible error for the trial judge to fail to instruct the jury upon the law arising from the evidence in the case necessary to a correct finding of their verdict, and a mere summary of the contentions of the parties is insufficient.

APPEAL by defendant from *Finley, J.,* at May Term, 1925, of the Superior Court of JACKSON.

The plaintiff brought suit for the recovery of damages for personal injury alleged to have been caused by the defendant's negligence. Verdict and judgment for the plaintiff and appeal by the defendant upon errors assigned.

*Walter E. Moore and Sutton & Stillwell for plaintiff.*
*Alley & Alley for defendant.*

ADAMS, J. The defendant complains that the trial judge in his instructions to the jury failed to "state in a plain and correct manner the evidence given in the case and to declare and explain the law arising

thereon." C. S., 564. In several cases recently decided we have stressed the necessity of observing this requirement and have reiterated the suggestion that a statement of the contentions accompanied with a bare enunciation of a legal principle is not sufficient: it is imperative that the law be declared, explained, and applied to the evidence. Upon at least two of the issues the instructions consist almost entirely of a summary of the contentions of the parties; an error resulting, of course, from the momentary oversight of the cautious and thoughtful judge before whom the case was tried. *Nichols v. Fibre Co., ante,* 1; *Richardson v. Cotton Mills,* 189 N. C., 653; *S. v. O'Neal,* 187 N. C., 22; *S. v. Thomas,* 184 N. C., 757; *S. v. Merrick,* 171 N. C., 788, 795.

For the error complained of there must be a
New trial.