WILLIAM E. FISHER, BY HIS NEXT FRIEND, W. C. WAKEFIELD, v. E. L.
DEATON AND MRS. HATTIE DEATON.

(Filed 2 January, 1929.)

**Highways—Regulation and Use for Travel—Law of the Road—Negligence
—Automobiles—Instructions.**

> Where the plaintiff was not walking along the highway but ran out
> from behind another automobile near an intersection and was struck
> and injured by the defendant's car for which injury he seeks to recover
> damages in his action: *Held*, it is not reversible error for the trial judge
> to fail to charge the jury specifically upon the various particulars as to
> the speed, etc., required of the driver of an automobile upon the highway
> at a cross-road, if he charges correctly upon the general law arising from
> the evidence. C. S., 564. *Bowen v. Schnibben*, 184 N. C., 248, cited and
> distinguished.

CIVIL ACTION, before *Cranmer, J.*, at April Term, 1928, of WAKE.

The plaintiff, a minor about four years of age, instituted this action
against the defendant for personal injury resulting from being struck by
defendant's automobile at or near the intersection of St. Mary's Street
and the Calvin Road in the city of Raleigh.

The cause was submitted to a jury, and the issue of negligence was
answered against the plaintiff and in favor of the defendant.

From judgment upon the verdict plaintiff appealed.

*Gatling, Morris & Parker for plaintiff.*
*Charles U. Harris for defendant.*

PER CURIAM. Calvin Road intersects St. Mary's Street from the west
and terminates at the intersection. Defendant's car was being driven
northwardly by his wife. The plaintiff, according to the evidence, was
on the east side of St. Mary's Street opposite the intersection of Calvin
Road and was running across the street toward the intersection. Had
plaintiff been using the intersection of Calvin Road at the time of the
injury, the failure of the car to slow down to 15 miles an hour might
have been found to have been the proximate cause of the injury. How-
ever, as the plaintiff was not walking along the highway, but ran out
from behind a car toward the intersection of Calvin Road, a different
situation was presented, and for this reason the principle announced in
*Bowen v. Schnibben,* 184 N. C., 248, 114 S. E., 170, does not apply.

The trial judge charged: "The driving of any vehicle upon a high-
way carelessly and heedlessly in wilful or wanton disregard of the rights
of others, or without due caution and circumspection, and at a speed or
in a manner so as to endanger or be likely to endanger any person or
property, is 'reckless driving.' "

The judge further charged: "It is the duty of the driver of any vehicle to drive it at a careful and prudent rate of speed, not greater than is reasonable and proper, having due regard to the surface and width of the highway, the traffic and other existing conditions; and so as not to endanger the life, limb, or property of any person."

While the judge did not specifically call the attention of the jury to the provision of the statute requiring a motorist to reduce the speed to 15 miles an hour when approaching an intersection, there was no specific request for such instruction, and in our opinion the charge upon the question of negligence and the statutes applicable, constituted a substantial compliance with C. S., 564, in view of the facts disclosed in the present record.

Upon the face of the record we find no error of law warranting a new trial.

No error.