COMMISSIONER OF BANKS, ON RELATION OF THE FARMERS BANK AND TRUST COMPANY OF FOREST CITY, v. FLORENCE MILLS, INCORPORATED.

(Filed 6 April, 1932.)

1. **Banks and Banking H e—Exclusion of testimony in this case with respect to consideration for pledging of assets of bank held error.**

   Where in an action by the receiver of a bank to recover assets of the bank pledged with a depositor to secure the deposit, the receiver contends that the pledge was without consideration and void, and the depositor contends that the security was given in consideration of future or increased deposits, and the receipt therefor is ambiguous: *Held,* the exclusion of testimony of the active president of the bank as to a conversation with the active vice-president of the depositor tending to establish that the security was given in consideration of future or increased deposits is error, there being no testimony by other witnesses supplying the excluded testimony.

2. **Trial E c—Charge in this case held insufficient to meet requirements of C. S., 564, and a new trial is awarded.**

   Where the trial court in his charge to the jury explains the law applicable and gives the contention of the parties, but fails to instruct the jury as to the application of the law to the substantial features of the case, the charge is insufficient to meet the requirements of C. S., 564, and a new trial will be awarded.

3. **Banks and Banking H e—Commissioner of banks must sue in his individual name.**

   An action by the Commissioner of Banks to recover assets of the insolvent bank must be brought in his individual name, but his failure to do so may be cured by amendment.

APPEAL by defendant from *Sink, J.,* at August Term, 1931, of RUTHERFORD: New trial.

The plaintiff brought suit to recover certain collateral securities alleged to be the assets of the Farmers Bank and Trust Company of Forest City, which is now in the hands of the plaintiff as liquidating agent. The securities consist of two notes and approximately five hundred shares of stock in certain manufacturing companies. The plaintiff alleges in substance that while the bank was insolvent the officers of the bank fraudulently and without a valuable consideration deposited these securities with the defendant for the purpose of obtaining the defendant's patronage and deposits. Upon the pleadings the court formulated the issues which were answered as follows:

1. Was the Farmers Bank and Trust Company of Forest City, N. C., insolvent on 14 January, 1930, as alleged in the complaint? Answer: Yes.

2. Did the defendant on 14 January, 1930, obtain the securities described in the complaint without a valuable consideration, as alleged in the complaint? Answer: Yes.

3. Did the defendant on 14 January, 1930, unlawfully and fraudulently obtain the securities as described in the complaint from the Farmers Bank and Trust Company of Forest City, N. C., as alleged in the complaint? Answer: Yes.

Judgment was rendered for the plaintiff and the defendant appealed upon assigned error.

*D. Z. Newton and B. T. Jones, Jr., for plaintiff.*
*Quinn, Hamrick & Harris for defendant.*

ADAMS, J. In reference to the second issue his Honor stated the plaintiff's chief contention to be that the securities in question had been turned over to the defendant, not to secure future deposits, but to secure such as were in the bank at the time of the transfer, that the alleged agreement between the parties was not supported by a valuable consideration, and that the issue should be answered in the affirmative. He stated one of the defendant's contentions to be that a part of the consideration was a promise by the defendant to give the bank the benefit of future and additional deposits. Then follows this instruction: "If you shall find that to be a fact, the court instructs you that it would be your duty to answer the second issue No, because that would be a valuable consideration."

Throughout the trial the defendant insisted that the defendant's promise of increased deposits was really the controlling factor in the agreement and, indeed, the principal consideration. To establish its

contention the defendant introduced as a witness the active president of the bank and offered to show by him that he had a conversation with the active vice-president, and that the collateral was to be turned over to the defendant for the purpose of securing whatever deposits the defendant might make in the future as well as the deposit then in the bank. This evidence was excluded.

If the instruction given the jury on this point was correct, the evidence was improperly excluded. The appellee says that the receipt is the best evidence of the purpose for which the collateral was delivered; but the clause "any and all deposits made" is susceptible of more than one interpretation and is therefore subject to explanation. We find nothing in the testimony of the other witnesses which supplies the excluded evidence.

We are of opinion that the instruction on the third issue is not sufficiently definite. Fraud was thus defined: "As regards fraud, it is not essential that false assertions be made in express words, but fraud may be accomplished by encouraging and taking advantage of a delusion known to exist in the minds of others. In other words, fraud may be defined as any trick or artifice, whether perpetrated by means of false statements, concealment of material facts, or deceptive conduct, which is intended to and does create in the mind of another an erroneous impression concerning the subject-matter of a transaction, whereby the latter is induced to take action or forbear from action with reference to his property or a legal right of his which results to his disadvantage and which he would not have consented to had the impression in his mind been correct and in accordance with the real facts."

After setting out the contentions as to the facts the charge proceeds: "From all this testimony and under the definition of fraud as given to you by the court, the plaintiff says this transaction was fraudulently entered into, that is, that it was entered into for the purpose of depriving the other creditors and stockholders in the Farmers Bank and Trust Company of their lawful rights and for the purpose of giving unlawful preference to the defendant corporation. All of this the defendant denies, and contends and insists that there was no such intention on their part and that they actually did not do anything unlawful, but on the contrary that they were in the ordinary course of business trying to protect the interests of the corporation and the stockholders of the Florence Mills, Incorporated, and that all their transactions were bona fide and sincere, and not for the purpose of defrauding anybody, on the part of anybody, and that from all the evidence you should fail to find as the plaintiff contends by the greater weight of the evidence and you should answer it, No."

The instruction is subject to the criticism set forth in *Watson v. Tanning Co.*, 190 N. C., 840, *Williams v. Coach Co.*, and other cases. The requirements of C. S., 564 are not met by a general statement of legal principles which bear upon the issues remotely but not with absolute directness. The trial court inadvertently disregarded an application of the law to the substantial features of the case, the instructions on the third issue consisting of a definition of fraud and the contentions of the parties.

It is suggested that the trial of the cause may be simplified by reference to the principles stated on both sides of the question in 51 A. L. R., 296.

We have recently held that the Commissioner of Banks must sue in his individual name and that the failure to do so may be cured by amendment.

New trial.