ROSA MACK, ADMINISTRATRIX OF JOHN HUNTER, v. MARSHALL FIELD & COMPANY, SOUTHEASTERN CONSTRUCTION COMPANY, ET AL.

(Filed 20 December, 1940.)

**1. Master and Servant § 12: Negligence § 4a—**

The owner of lands letting construction work to an independent contractor who sublets part of the work to an independent subcontractor, cannot be held liable for negligence of the contractor or the subcontractor which causes injury to an employee of the subcontractor, but may be held liable only for negligence of its own which is a proximate cause of the injury.

**2. Same—Evidence of owner's negligence proximately causing injury to employee of subcontractor held sufficient for jury, but nonsuit should have been entered as to main contractor.**

The owner of land let the contract for construction of an addition to its mill. The addition was to include land then occupied by a power substation, making it necessary to move the substation, and the owner undertook to move the substation and transmission line. The evidence tended to show that the main contractor sublet the steel work, that the walls of the addition were partly erected around the substation, that a temporary transmission line was connected therewith in order to prevent stoppage of work in the mill, and that as an employee of the subcontractor for the steel work was hoisting a steel column by means of steel cables and a winch in the performance of his work, the steel column came in contact with the temporary transmission line, resulting in the electrocution of the employee. The evidence further tended to show that the temporary transmission line carrying a high voltage of electricity was permitted to remain on the premises in an exposed condition at an insufficient elevation and in close proximity to the work, that the current was not turned off and that no warning signs were placed on the wires and no warning

given the employee. *Held:* The evidence is sufficient to be submitted to the jury on the question of negligence of the owner, who exercised dominion over the land and was required to turn it over in a reasonably safe condition to the main contractor, but the motions to nonsuit aptly made by the main contractor, who had no control over the premises or over the manner and method employed by the subcontractor, should have been granted. *Held further:* The evidence does not disclose contributory negligence as a matter of law on the part of the employee.

3. **Negligence § 20: Trial § 29b—Court must apply the law to the evidence as substantive part of charge.**

A charge defining negligence and proximate cause and stating the contentions of the parties and properly placing the burden of proof, but which fails to apply the law to the evidence, will be held for error as failing to comply with C. S., 564, since the application of the law to the facts as the jury may find them to be from the evidence, is a substantive feature of the charge which must be given even in the absence of a prayer for instruction.

APPEAL by the defendants from *Rousseau, J.,* at April Term, 1940, of GUILFORD.

This is an action for the alleged wrongful death of the plaintiff's intestate. C. S., 160.

Marshall Field & Company contracted with the Southeastern Construction Company to build an addition to its sheeting mill at Draper, N. C., according to plans and specifications prepared by Robert & Company, architects, and the Southeastern Construction Company sublet the construction of the steel work to J. L. Coe, and the plaintiff's intestate, John Hunter, was an employee of J. L. Coe. .

The addition to the sheeting mill was to be 150 or 160 feet by 300 feet in area, the construction of which necessitated the removal of a high voltage electric line which carried the current to the substation containing the transformer, which supplied the electric power to operate the mill, as well also as the removal of the substation. At the time involved in this case the transmission line had been removed, but the substation and transformer remained in place and were surrounded by the partially constructed walls of the addition. A newly constructed electric line was connected with the substation and transformer by four temporary wires which ran diagonally across the wall of the addition. These wires enabled the mill to continue operation while the construction of the addition progressed. A new substation outside the walls of the addition was in the course of construction and it was planned to remove the transformer to such substation as soon as it was completed and attach it to the new power line, thereby permitting the old substation to be torn away, an opening being left in the new walls to permit this removal of the transformer.

J. L. Coe had erected a portion of the steel work and was engaged in this operation at the time in question—he was using a hoisting apparatus, consisting of a wooden pole about 35 feet long to which was attached pulley blocks through which ran the steel cables used in hoisting the steel columns, and at the base of this pole there was what was called a winch on which the steel cables were wound in the hoisting operation.

The plaintiff's intestate was winding the windlass of the winch, which was hoisting a steel column about 36 feet long, in order to put the column in place according to specifications. As the column rose from the ground it assumed an almost perpendicular position and the top end thereof came in contact with the temporary high voltage wires leading to the substation and transformer, and the electric current ran from the wires through the steel column and the steel cables to the winch and there came in contact with the intestate, killing him almost instantly.

Robert & Company was named in the summons and the complaint but was never served. A judgment as in case of nonsuit was entered as to the defendant W. F. Humbert at the close of plaintiff's evidence, to which no objection was made.

Predicated on the jury's verdict, his Honor entered judgment in favor of the plaintiff against the defendants Marshall Field & Company and the Southeastern Construction Company. From this judgment these defendants appealed, assigning error.

*Lovelace & Kirkman and Frazier & Frazier for plaintiff, appellee.*
*Junius C. Brown and Sapp & Sapp for Marshall Field & Company, appellant.*
*Dalton & Myers for Southeastern Construction Company, appellant.*

SCHENCK, J. Both of the appealing defendants assign as error the refusal of the court to sustain their motions for judgment as in case of nonsuit made when the plaintiff had introduced her evidence and rested her case and renewed when all of the evidence was in. C. S., 567.

The Southeastern Construction Company was an independent contractor and J. L. Coe was an independent contractor. Hence, Marshall Field & Company was in no wise liable for the negligence of either of them, and was liable only for such of its own negligence, if any, as contributed to the death of the plaintiff's intestate. It is alleged and there is evidence tending to show that the temporary wires connecting the old substation and transformer with the new power line, carrying 2,300 volts of electricity, were permitted to remain on the premises in an exposed condition, and in such a position as was likely to come in contact with those working on the addition to the sheeting mill, that no warning signs were placed on said temporary wires, and that no warning

was given to the intestate of any danger from such wires, that the high voltage current was not cut off while the intestate was working in close proximity thereto, that said high voltage wires were not placed at a sufficient elevation to avoid interfering with those working on said addition, and that the defendant failed to complete the new substation and remove the transformer thereto prior to the commencement of the construction of the addition. While the evidence of the defendant conflicts with that of the plaintiff, we think, and so hold, that the latter was sufficient to support the denial of the motion of the defendant Marshall Field & Company for a judgment as in case of nonsuit.

The plaintiff relies upon practically the same allegations and evidence to support the denial of the motion of the Southeastern Construction Company for judgment as in case of nonsuit. However, the two defendants occupied different relationships to the plaintiff's intestate. Marshall Field & Company was the owner of the land upon which the addition was to be constructed, exercised dominion over it and was required to turn it over in a reasonably safe condition to the Southeastern Construction Company for the construction of the addition, including the removal of the transmission line and substation, and was therefore liable for any negligence in so doing, or negligent failure so to do; but the Southeastern Construction Company did not own the land, did not have any dominion over it except such as arose from being a licensee or an invitee thereon for the purpose of erecting the addition under its contract; it had no control over the transmission line and the substation, and also had no control over the apparatus used by J. L. Coe, or of the manner and way he proceeded under his independent contract to erect the steel structure, and in the absence of any control of the place and of the work there was a corresponding absence of any liability incident thereto. That authority precedes responsibility, or control is a° prerequisite of liability, is a well recognized principle of law as well as of ethics. We are of the opinion, and so hold, that his Honor erred in refusing to sustain the motion of the Southeastern Construction Company for judgment as in case of nonsuit.

We cannot concur in the contention that the evidence discloses as a matter of law the plaintiff's intestate was guilty of contributory negligence.

Marshall Field & Company, by exceptions properly preserved to the charge, presents the question of whether his Honor complied with the provisions of C. S., 564. A careful examination of the charge as it relates to the issue addressed to the actionable negligence of Marshall Field & Company (the first issue submitted) discloses that it is made up solely of statements of general principles of law, such as definitions of negligence and of proximate cause, and the contentions of the parties—

with a proper placing of the burden of proof. There is no direct application by the court of the law to the evidence, or to the facts as they may be found to be by the jury from the evidence. This is a noncompliance with the statute, *Spencer v. Brown,* 214 N. C., 114, and cases there cited. While it appears that a recapitulation of the evidence was waived by the parties, this did not waive the right of the defendant to have an application made by the court of the law to the facts as they may have been found to be by the jury from the evidence.

What is said in *Williams v. Coach Co.,* 197 N. C., 12, is peculiarly applicable in the instant case: *"Watson v. Tanning Co.,* 190 N. C., 840, also, is directly in point. There the trial court defined actionable negligence, gave the rule as to the burden of proof, fully stated the contentions of the parties, and instructed the jury to answer the issue of negligence in the affirmative if the plaintiff had satisfied them by the greater weight of the evidence that he had been injured by the negligence of the defendant as alleged, and if not, to return a negative answer. A new trial was granted, the Court saying: 'In several cases recently decided we have stressed the necessity of observing the requirements of section 564 and have reiterated the suggestion that a statement of the contentions accompanied with the bare enunciation of a legal principle is not sufficient; it is imperative that the law be declared, explained and applied to the evidence.'

"A statement of the contentions of the parties is not required as a necessary part of the instructions (*Wilson v. Wilson, supra; S. v. Whaley,* 191 N. C., 387), but when the evidence is susceptible of several interpretations a failure to give instructions which declare and explain the law in its application to the several phases of the evidence is held for reversible error. Such failure is to be considered, not as a subordinate feature of the cause, but as a substantial defect which may be raised by an exception to the charge. *Hauser v. Furniture Co., supra; S. v. Merrick,* 171 N. C., 788."

We are constrained to hold that the omission to apply the law to the evidence or to the facts as they may have been found to be was error prejudicial to Marshall Field & Company.

The result is:

On appeal of Marshall Field & Company a

New trial.

On appeal of the Southeastern Construction Company

Reversed.