MRS. REBECCA SOSNIK KOLMAN v. H. SILBERT AND MRS. HANNAH SILBERT SIFF.

(Filed 31 January, 1941.)

1. **Automobiles § 9c—**

   The violation of provisions of the statute regulating speed constitutes *prima facie* evidence of negligence, and the violation of other statutes designed and intended to protect life, limb and property, constitutes negligence *per se.*

2. **Automobiles § 18h—Court must declare and apply to evidence provisions of safety statutes relied on by plaintiff as basis of negligence.**

   Plaintiff's allegations, supported by evidence, were to the effect that the driver of the car in which plaintiff was riding was negligent in driving the car on a wet and slippery highway, with worn and slick tires, at an excessive speed under the circumstances, and in a manner so as to endan-

ger the life and limb of plaintiff, that the driver failed to keep the car under proper control and failed to keep a proper lookout and give proper attention to the driving of the automobile, and that as a result, the car skidded off the highway, causing the injuries in suit. *Held:* The failure of the court to charge and apply to the evidence the provisions of sec. 102, ch. 407, Public Laws 1937, that a motorist must at all times drive with due caution and circumspection and at a speed or in a manner that will not endanger, or be likely to endanger, any person or property, and the failure to charge the provisions of sec. 103, ch. 407, Public Laws 1937, that no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing, constitutes reversible error.

3. **Same: Automobiles § 12a—Motorist may not lawfully drive at speed which is not reasonable and prudent under circumstances notwithstanding that speed is less than limit set by statute.**

Where there is evidence of special hazards, a charge that the speed law is 45 miles per hour upon the open highway and that a speed in excess thereof is *prima facie* evidence that the speed is unlawful, without qualification, is erroneous, since whether a speed of 45 miles per hour is lawful depends upon the circumstances existing at the time, it being required by statute, Public Laws of 1937, ch. 407, secs. 102, 103, that a motorist must at all times drive with due caution and circumspection and at a speed or in a manner that will not endanger, or be likely to endanger, any person or property, and that he may not lawfully drive at a speed greater than is reasonable or prudent under the conditions then existing, and the statutory speed limit of 45 miles per hour on a rural road being subject to the express provision that a speed less than the limit does not relieve the driver of the duty of decreasing speed when special hazards exist.

4. **Automobiles § 18h—**

The failure of the court to explain and apply the provisions of safety statutes relied on by plaintiff is not cured by a subsequent charge stating and explaining the common law rule of the prudent man.

CLARKSON, J., concurs in result.

APPEAL by plaintiff from *Pless, J.,* at October Term, 1940, of FOR-SYTH. New trial.

The defendant, H. Silbert, owns and maintains an automobile for family use. On 23 May, 1938, his wife and his daughter, the defendant, Mrs. Hannah Silbert Siff, used this automobile on a trip to attend a convention in Durham. The plaintiff became a guest passenger on the return trip to Winston-Salem. Mrs. Siff was driving and it was raining. The automobile suddenly began to skid, ran down an embankment and turned over. As a result plaintiff sustained certain personal injuries.

Thereafter, plaintiff instituted this action to recover compensation for the personal injuries received, alleging that the driver was operating the motor vehicle at the time "in a careless and reckless manner, without due caution and circumspection and at a speed and in a manner so as to endanger the life and limb of the plaintiff; in that she was driving

the said automobile at a high and unlawful rate of speed upon a wet and slippery highway, to wit, from 45 to 50 miles per hour; in that she was driving the said automobile without having the same under proper control, without keeping a proper lookout and without having her mind and attention properly upon the driving of the said automobile under the circumstances; in that she was attempting to raise or lower the side window in the said car without slowing down the said car and without keeping her eyes upon the highway and in so doing caused the said automobile to swerve in a careless and negligent manner, whereupon it began to slip and slide  .  .  .; in that she was driving an automobile with the tires worn and slick."

Appropriate issues were submitted to the jury and it answered the issue of negligence in the negative. From judgment entered thereon plaintiff appealed.

*Fred S. Hutchins and H. Bryce Parker for plaintiff, appellant.*
*Ratcliff, Hudson & Ferrell for defendants, appellees.*

BARNHILL, J. In automobile cases where the alleged negligence rests in the violation of one or more of the provisions of the law governing the operation of motor vehicles enacted, designed and intended to protect life, limb and property, it is mandatory that the judge in his charge shall state, in a plain and correct manner, the evidence in the case and declare and apply the pertinent provisions of the Motor Traffic Law. *Bowen v. Schnibben,* 184 N. C., 248, 114 S. E., 170; *Williams v. Coach Co.,* 197 N. C., 12, 147 S. E., 435; *Spencer v. Brown,* 214 N. C., 114, 198 S. E., 630.

"Where a statute appertaining to the matters in controversy provides that certain acts of omission or commission shall or shall not constitute negligence, it is encumbent (incumbent) upon the judge to apply to the various aspects of the evidence such principles of law of negligence as may be prescribed by statute, as well as those which are established by the common law," *Bowen v. Schnibben, supra; Orvis v. Holt,* 173 N. C., 231, 91 S. E., 948; *Matthews v. Myatt,* 172 N. C., 230, 90 S. E., 150; *Nichols v. Fibre Co.,* 190 N. C., 1, 128 S. E., 471; *Williams v. Coach Co., supra; Comr. of Banks v. Mills,* 202 N. C., 509, 163 S. E., 598; *Spencer v. Brown, supra;* and the violation of the provisions of the statute regulating speed constitutes *prima facie* evidence of negligence and the violation of the other provisions thereof constitutes negligence *per se.*

The courts have been rather meticulous—and properly so—especially in the matter of negligence—in requiring that the law be explained in its connection with the facts in evidence. *Smith v. Bus Co.,* 216 N. C., 22, 3 S. E. (2d), 362.

In undertaking to comply with this requirement the court below charged the jury: (1) "Now, gentlemen, the speed law with reference to a place out on the highway at that time and place reads as follows:

" 'Provided, that if any person should operate a motor vehicle upon the highway at a speed in excess of 45 miles per hour that that speed is *prima facie* evidence that the speed was not justified and was a violation of the speed limits' "; and (2) "If the plaintiff shall have satisfied you by the greater weight of the evidence that the defendant, Mrs. Siff, was operating the car in such a manner as to be in violation of the speed law—and you will recall the rule the Court gave you as to the speed law, being at that time forty-five miles an hour, but that you are not, merely because you find she was operating it in excess of forty-five miles an hour, if you shall find she was doing so, hold her guilty of negligence; that is, you may or may not do so upon that finding—if you find she was operating the car in violation of the speed laws under that instruction and shall further find that was the proximate cause of the injury to the plaintiff, then you will answer this first issue YES." In so doing it made no reference to section 102, ch. 407, Public Laws 1937, which provides that "Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving." Nor did it direct the attention of the jury to the primary provision of section 103 of said act, to-wit:—

"No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing." It contented itself by quoting and charging upon the proviso therein.

Sections 102 and 103 of ch. 407, Public Laws 1937, constitute the hub of the Motor Traffic Law around which all other provisions regulating the operation of automobiles revolve. A proper explanation and application thereof to the evidence in the case was essential and the omission of any reference thereto affected a substantial right of the plaintiff.

The charge as given was erroneous. Whether the speed law is 45 miles per hour depends upon the circumstances existing at the time. The motorist must at all times drive with due caution and circumspection and at a speed and in a manner so as not to endanger, or be likely to endanger, any person or property. At no time may he lawfully drive at a speed greater than is reasonable and prudent under the conditions then existing. While the statute provides that "where no special hazard exists," forty-five miles per hour on a rural road is lawful, it further provides that "the fact that the speed of a vehicle is lower than the fore-

going *prima facie* limits shall not relieve the driver from the duty to decrease speed . . . when special hazard exists by reason of weather or highway conditions and speed shall be decreased as may be necessary . . . in compliance with the duty of all persons to use due care."

That part of sec. 103, which fixes the rate of speed that is lawful when no special hazard exists, is secondary, facilitating proof, and must at all times be considered with proper regard to its relation to the primary and fundamental provisions of the section.

It is conceded that it was raining very hard at that time. Mrs. Siff, the driver, so testified. She testified further, "it had been raining. I know that in driving a car in the first rain before it washes the scum off the highway it is much slicker than after it has rained enough to wash that off . . . The rain started after we left Durham . . . When I spoke of the accident I said I don't know how it could have happened unless there was something wrong with one of the tires." In addition there was testimony that the left rear tire was worn to the fabric and was slick and that Mrs. Siff was somewhat irritated and nervous as a result of complaints from one of the passengers on the rear seat relative to the rain blowing in on her.

Under these conditions, giving proper consideration to all the provisions of sec. 103, it was error to state without qualification that 45 miles per hour was the speed law at that time and place. The admitted hazards due to the condition of the weather and of the road and the other circumstances required that the jury determine whether the speed at which the car was being driven was, under all the circumstances, reasonable and proper and, if not, whether such speed was the proximate cause of the injury.

The duty imposed by statute is positive. The subsequent charge in which the court stated and applied the common law rule of the prudent man is not sufficient to remedy the failure to properly explain and apply the statutory provisions. *Bowen v. Schnibben, supra.*

For the reasons stated there must be a

New trial.

CLARKSON, J., concurs in result.