BETTY JEAN SMITH, BY HER NEXT FRIEND, P. K. SMITH, v. JIM KAPPAS, TRADING AND DOING BUSINESS UNDER THE STYLE AND FIRM NAME OF JIM'S LUNCH, AND THE STRAUS COMPANY, INCORPORATED.

(Filed 28 June. 1941.)

**1. Appeal and Error § 43: Torts § 6—**

Plaintiff's petition to rehear is allowed in this case for inadvertence in the original opinion in stating that before trial appealing defendant had filed amended answer asking affirmative relief against its codefendant under C. S., 618, precluding plaintiff from taking a voluntary nonsuit as against the codefendant, it appearing of record that appealing defendant did not tender amended answer and move that it be permitted to file same and did not request that its codefendant be made a party as a joint tort-feasor until after verdict.

**2. Appeal and Error §§ 43, 49a—**

Where exceptions brought forward and duly preserved in appellant's brief and assigned as error are not discussed or decided in the original opinion, the questions thus presented by the assignments of error remain open for decision and may be considered and determined upon appellee's petition to rehear.

**3. Trial § 29b—**

It is the duty of the trial court without request for special instructions to declare and explain the law arising upon the evidence in the case, which duty is not discharged by general definitions or abstract discussions of the law, but requires that the court apply the law to the evidence in the case and instruct the jury as to the circumstances presented by the evidence under which the issue should be answered in the affirmative and under which it should be answered in the negative, and the failure of the court to comply substantially with the mandate of the statute impinges a substantial legal right of the party aggrieved entitling him to a new trial. C. S., 564.

**4. Same—**

Trial by jury vouchsafed in the Constitution contemplates a verdict of the jury rendered upon the evidence guided by correct instructions as to the law applicable thereto in conformity with C. S., 564.

**5. Same: Negligence § 20—Charge held for error in failing to apply the law to the evidence.**

The individual defendant ordered new cafe equipment from the corporate defendant. Plaintiff was injured when a piece of old equipment, which had been placed on the sidewalk while the new equipment was being installed, fell and struck plaintiff. There was serious controversy as to whether the corporate defendant was obligated and undertook to remove the old equipment under the contract of sale. The court in its charge outlined the evidence and defined negligence and proximate cause in general terms, explained the liability of a corporation for the acts of its agents and employees, and gave the respective contentions of the parties. *Held:* The failure of the court to charge the jury as to the scope and

meaning of the written contract between the defendants and the duty of the corporate defendant thereunder, and the failure of the court to apply the law to the conflicting testimony must be held for reversible error upon the corporate defendant's exceptive assignment of error.

SEAWELL, J., dissenting.

CLARKSON and DEVIN, JJ., concur in dissent.

ON REHEARING. Original opinion reported 218 N. C., 758, 10 S. E. (2d), 707.

*O. W. Duke and E. D. Kuykendall, Sr., for plaintiff, petitioner.*
*R. M. Robinson for defendant, respondent.*

BARNHILL, J. The original opinion herein decides three questions: (1) that the motion for judgment as of nonsuit was properly overruled; (2) that certain testimony as to agency was properly admitted in evidence; and (3) that it was error for the court to permit the voluntary judgment of nonsuit as to the defendant Kappas after an amended answer was filed by the defendant in which allegations of joint tortfeasorship and liability for contribution were made. A new trial was ordered for error on the third question.

The plaintiff now petitions for a rehearing for that the record does not sustain the statement in the original opinion that "in the original answer in the present action no demand was made for affirmative relief, but before the trial an amended answer was filed by the Straus Company, Inc., which we think sufficient to have Kappas held as a party defendant under N. C. Code, 1939 (Michie), under sec. 618." A careful examination of the record discloses that this statement was due to an inadvertence. The petition is meritorious. The defendant did not tender its proposed amended answer and move that it be permitted to file the same until after verdict. Nor did it request that Kappas be made a party defendant, as a joint tort-feasor, prior to verdict. This, we understand, the defendant concedes.

Having decided that the plaintiff is entitled to the correction prayed in her petition for a rehearing, this question is presented: Is the record otherwise free of harmful error so that we should rescind the order for a new trial?

During the trial the defendant noted a number of exceptions. On its appeal it presents several assignments of error, among which are assignments bottomed on C. S., 564. These exceptions are brought forward and duly preserved in its brief. In the original opinion these assignments were not discussed or decided. As to them no opportunity for concurrence or dissent was afforded. Hence, the questions thus presented remain open for decision.

We are constrained to hold that the court below failed to comply with the requirements of C. S., 564. In its charge it outlined the evidence, quoted the issues, defined negligence and proximate cause in general terms, explained the liability of a corporation for the acts of its agents and employees, gave the contention of the parties and then charged the jury as follows: "Now, gentlemen, if you answer this issue No, that is, Issue No. 1, that this plaintiff was not injured and hurt by the negligence of the defendant company and the agents and servants of the company, then that ends this case, but if you answer it Yes, that the plaintiff was hurt by the negligence of the defendant, then you will proceed to Issue No. 2, which is:" This charge was later repeated in substantially the same language.

What is the proper construction, scope and meaning of the written contract between the original defendants herein and what was the defendant's duty thereunder? As to this there was a serious controversy. What was the duty of the defendant under the various aspects of the evidence and in what respect does the testimony tend to show that it breached such duty? The court, inadvertently, failed to advise the jury on these questions. Its failure so to do constitutes prejudicial error.

"The authorities are at one in holding that, both in criminal and civil causes, a judge in his charge to the jury should present every substantial and essential feature of the case embraced within the issue and arising on the evidence, and this without any special prayer for instruction to that effect." *S. v. Merrick,* 171 N. C., 788, 88 S. E., 501; *Hauser v. Furniture Co.,* 174 N. C., 463, 93 S. E., 961; *School District v. Alamance County,* 211 N. C., 213; *Wilson v. Wilson,* 190 N. C., 819.

The requirements of C. S., 564, "are not met by a general statement of legal principles which bear more or less directly, but not with absolute directness upon the issues made by the evidence. While the manner in which the law shall be applied to the evidence must to an extent be left to the discretion of the judge, he does not perform his duty if he fails to instruct the jury on the different aspects of the evidence and give the law which is applicable to them, or if he omits from his charge an essential principle of law, *Blake v. Smith,* 163 N. C., 274; *Bowen v. Schnibben,* 184 N. C., 248, . . . His Honor did not declare and explain the duties which the law imposed upon defendant as employer . . . with respect to any of the matters involved in the allegations of negligence. Nor did he instruct the jury as to the law with respect to the breach of any of these duties and the relation of such breach to the injuries as the proximate or concurrent cause thereof. The statement of general principles of law, without an application to the specific facts involved in the issue, is not a compliance with the provisions of the statute. *Hauser v. Furniture Co.,* 174 N. C., 463; *S. v. Merrick,*

*supra.* . . . It is of course elementary that while the jury must determine the facts from the evidence, it is both the function and duty of the judge to instruct them as to the law applicable to the facts. The answers to the issues submitted in this case are not to be determined altogether by the facts; each issue involved matters of law, and the jury should have been instructed by the judge as to the law." *Williams v. Coach Co.,* 197 N. C., 12, 147 S. E., 435; *Comr. of Banks v. Mills,* 202 N. C., 509, 163 S. E., 598.

"What is said in *Williams v. Coach Co.,* 197 N. C., 12, is peculiarly applicable in the instant case: '*Watson v. Tanning Co.,* 190 N. C., 840, also, is directly in point. There the trial court defined actionable negligence, gave the rule as to the burden of proof, fully stated the contentions of the parties, and instructed the jury to answer the issue of negligence in the affirmative if the plaintiff had satisfied them by the greater weight of evidence that he had been injured by the negligence of the defendant as alleged, and if not, to return a negative answer' . . . When the evidence is susceptible of several interpretations a failure to give instructions which declare and explain the law in its application to the several phases of the evidence is held for reversible error." *Schenck, J.,* in *Mack v. Marshall Field & Co.,* 218 N. C., 697, 12 S. E. (2d), 235; *Ryals v. Contracting Co., ante,* 479.

Speaking to the subject in *Smith v. Bus Co.,* 216 N. C., 22, 3 S. E. (2d), 362, *Seawell, J.,* says: "The trial court, with admirable precision and with apt illustration, defined and explained negligence, which proximately resulting in injury, is compensable at law. The defendant objects that these definitions are entirely abstract and that they do not comply with the requirements of C. S., 564, that the law be applied to the evidence.

"The courts have been rather meticulous, especially in the matter of negligence, in requiring that the law be explained in its connection with the facts in evidence. We feel that the court was inadvertent to this necessity and the fact that perhaps the jury, being laymen, would not be so apt to see the connection between the principles of law laid down and the facts in the case which so clearly appears to an experienced lawyer or judge. We understand the requirement of the statute to be based upon this reasoning. We do not regard the instruction as adequately meeting the requirements of the statute, and in this respect there is error entitling defendant to a new trial." See also *Spencer v. Brown,* 214 N. C., 114, 198 S. E., 630; *Kolman v. Silbert, ante,* 134; *Barnes v. Teer, ante,* 823.

The provisions of this statute confer a substantial legal right. *Williams v. Coach Co., supra; Wilson v. Wilson,* 190 N. C., 819, 130 S. E., 834; *S. v. O'Neal,* 187 N. C., 22, 120 S. E., 817; *Nichols v. Fibre Co.,*

190 N. C., 1, 128 S. E., 471. A failure to comply therewith, without prayer for special instruction, is error. *Spencer v. Brown, supra; Hauser v. Furniture Co., supra.*

Trial by jury which is vouchsafed in the Constitution means more than a mere trial by jurors. It implies a trial by a jury in the presence of a judge empowered to supervise and instruct. The duty of guidance perforce devolves upon the judge—a duty incident to the high office which he holds and made imperative with us by statute. McIntosh on Procedure, 584. The feature of the statute here invoked is declaratory of this constitutional right. To emasculate the one is to impinge upon the other. *Capital Traction Co. v. Hof.,* 174 U. S., 1 (13); 43 L. Ed., 873 (877).

To declare and explain the law arising upon the evidence in a case means to declare and explain it as it relates to the various aspects of the testimony offered. While no general formula is or should be prescribed, something substantially more than a general definition or an abstract discussion is required. The judge should at least give a resume of the facts upon which plaintiff relies, and as to which she has offered evidence, and instruct them as to the law arising thereon. He should do likewise as to the evidence offered by the defendant. That is, it is the duty of the judge to instruct the jury as to the circumstances under which the issue should be answered in the affirmative and under which it should be answered in the negative.

When the law is thus explained and applied it can be followed with intelligent understanding. On the other hand, a general definition or an abstract discussion of the law, and nothing more, leaves the jurors to grope in the dark for a fair and righteous answer to the issue. It is for this reason that the court has been somewhat meticulous in insisting upon a substantial compliance with its requirements. Without it there can be no assurance that the verdict represents a finding by the jury under the law and on the evidence presented.

That is the state of the instant case. The court made no reference to the duties imposed upon the defendant under the contract and the evidence. Nor did it undertake to apply the law to the conflicting testimony. The verdict, therefore, is not the result of that type of trial required by law and to which defendant was entitled.

The former opinion is modified in accord with the petition to rehear. At the same time, for error in the charge, the order directing a new trial is approved.

As the defendant may now move for permission to amend and also to have Kappas made a party defendant under C. S., 618, prior to trial, we need not discuss the assignments of error in respect to the voluntary judgment of nonsuit and as to the refusal of the court to permit the

defendant to amend after verdict. Likewise, as the case goes back for a new trial for the error stated, other exceptions will not be considered.

Petition allowed.

SEAWELL, J., dissenting: The majority opinion, as I understand it, deals with two exceptions taken to the judge's charge which are thought of sufficient merit to reopen this case on a rehearing and grant a new trial to the defendant. Both of them were discussed at length on the original hearing, both in oral argument and by brief, and I think in order to prevent a rehearing being used as merely a reappeal they ought to be eliminated from further consideration and attention confined to the inadvertence of the Court with reference to the proposed amendment to defendant's answer, supposed to have been admitted but really declined by the trial court. I believe the course followed to be a departure from sound rules and likely to lead to confusion. *Weston v. Lumber Co.,* 168 N. C., 98, 83 S. E., 693; *Weathers v. Borders,* 124 N. C., 610, 32 S. E., 881; *Lewis v. Rountree,* 81 N. C., 20.

But I also think that the objections are untenable. Exception No. 38 reads:

"The defendant further excepts to the charge of the Court in that the Court failed to comply with Section 564 of the Consolidated Statutes, in that the Court failed to declare and explain the law to the jury and to apply the law of negligence, agency and proximate cause to the evidence in the case and failed to instruct the jury as to the law applicable to the facts as they might be found by the jury, and failed to instruct the jury on the different aspects or phases of the evidence and to give the law applicable thereto, which is defendant's Exception No. 38."

Broadside exceptions have uniformly been rejected. Appellant should not expect the Court to go hunting for some sort of error or to condemn the charge generally as substandard.

But if the exception is not regarded as "broadside," I still think the charge, both as to the matter it contains and the juxtaposition of its parts, fully meets the requirement of the statute.

Assignment of error No. 39 is as follows:

"The defendant excepts to the charge of the Court in that the Court failed to comply with C. S., 564, in that the Court failed to instruct the jury as to the proper construction, scope and meaning of the written contract between the original defendants herein (plaintiff's Exhibit No. 2)—(R. p. 24), and to apply such construction to the evidence in the case, which is defendant's Exception No. 39."

It is not specified in the objection what instruction the defendant thought should have been given or how he was prejudiced by its omission, or even what part of the contract should have been made the subject

of instruction. The theory of review does not privilege the appellant to hold the trial court to an abstract perfection, but only to have his grievance audited. If the court must assume the burden of articulation, we may suppose the objection is concerned with a failure to deal with that part of the contract relating to installation of furniture in Kappas' place.

Since the uncontradicted evidence shows that the agents and servants of the defendant actually did install the equipment and, incidentally thereto, removed and placed in a precarious position on the sidewalk an old counter, which fell on plaintiff's foot, I know of no inference or conclusion of law which the judge could draw from the contract that might be favorable to the defendant. He certainly could not have charged the jury that the contract, as a matter of law, relieved the defendant from liability for the conduct of its agents and servants, as disclosed by the evidence, on the principle *respondeat superior*. The judge properly instructed the jury as to such a liability of the defendant for acts of its servants arising within the scope of their employment. It is well established that the master is liable for the negligent acts or omissions of his servant within the scope of his employment resulting in injury to third persons. *Moore v. R. R.,* 165 N. C., 439, 81 S. E., 603; *Brittingham v. Stadiem,* 151 N. C., 299, 66 S. E., 128.

The judge was dealing with a comparatively simple case, and, taking the charge as a whole, I think he left no doubt in the minds of the jurors as to questions of negligence involved, proximate cause, agency, or scope of employment, and their relation to the evidence in the case; and I do not think the verdict should be disturbed. *Harrison v. Ins. Co.,* 207 N. C., 487, 177 S. E., 423; *Braddy v. Pfaff,* 210 N. C., 248, 186 S. E., 340; *Gore v. Wilmington,* 194 N. C., 450, 457, 147 S. E., 71.

CLARKSON and DEVIN, JJ., concur in dissent.