SEAWELL, J., dissents.
CLARKSON, J., dissenting.
DEVIN, J., dissenting.
The case was brought back because of an alleged oversight in disposing of the following question presented by the 11th exception: In an action involving a highway injury, where there are statutes on the subject, some of evidentiary significance, and the general principles of the common law are also applicable, is it a sufficient compliance with the provisions of C. S., 564, for the trial court to instruct the jury on the general principles of negligence and contributory negligence without any reference to the pertinent statutes?
In originally upholding the judgment, this question was inadvertently answered sub silentio in the affirmative. The authorities are to the contrary. Kolman v. Silbert, ante, 134, 12 S.E.2d 915; Smith v. BusCo., 216 N.C. 22, 3 S.E.2d 362; Spencer v. Brown, 214 N.C. 114,198 S.E. 630; Williams v. Coach Co., 197 N.C. 12, 147 S.E. 435; andBowen v. Schnibben, 184 N.C. 248, 114 S.E. 170. These cases all deal with the question here presented. They are at one in holding that the duty of the judge to declare and explain the law arising upon the evidence in a case means that he shall declare and explain the statutory law as well as the common law arising thereon.
Speaking directly to the point in the case last cited, it was said: ". . . where a statute appertaining to the matters in controversy provides that certain acts of omission or commission shall or shall not constitute negligence, it is incumbent upon the judge to apply to the various aspects of the evidence such principles of the law of negligence as may be prescribed by statute, as well as those which are established by the common law."
The latest expression on the subject is to be found in Kolman v.Silbert, supra, decided 31 January, 1941: "In automobile cases where the alleged negligence rests in the violation of one or more of the provisions of the law governing the operation of motor vehicles enacted, *Page 825 
designed and intended to protect life, limb and property, it is mandatory that the Judge in his charge shall state, in a plain and correct manner, the evidence in the case and declare and apply the pertinent provisions of the Motor Traffic Law."
It is in evidence that the plaintiff was driving down a steep mountain road, then under construction, and covered with loose crushed stone, four or five inches deep. Plaintiff was familiar with the road and its condition. He knew the defendant was at work there with trucks and other machinery. Defendant's truck, loaded with stone, was proceeding up the hill, an 8% grade. The plaintiff says he did not see the truck until within 30 feet of it, that it was on the wrong side of the road. The plaintiff ran onto the soft shoulder in order to avoid a collision, his car turned over, and he was injured.
There is evidence that plaintiff was driving "real fast," as he came around the curve and down the grade, "swinging around — the stone was flying. He was making around 50 miles an hour."
The plaintiff testified: "As we rounded the curve we met the truck right in the face. . . . I put on my brakes when I first saw the truck. I didn't stop; it wouldn't stop, wouldn't hold on gravel. . . . I was going 15 miles an hour when I first saw the truck. . . . The defendant's truck struck me with his rear end as he attempted to pull out of the way."
The defendant's evidence tends to show that the plaintiff's car did not collide with the truck at all, but passed the truck, plowed into the soft shoulder, and was turned over when the plaintiff undertook to cut sharply back into the graveled portion of the highway.
From the foregoing it appears that in respect of the issue of contributory negligence (which issue is inappropriately worded) there is evidence tending to show the plaintiff was traveling in excess of the speed limits set out in the Motor Vehicle Law, or at a speed greater than was reasonable and prudent under the conditions then existing, which, by the statute, is made prima facie evidence of negligence, or that the speed is not reasonable or prudent and that it is unlawful. Ch. 407, Public Laws 1937, sec. 103. Morris v. Johnson, 214 N.C. 402, 199 S.E. 390. The judge in his charge to the jury made no reference to any of the applicable provisions of the Motor Vehicle Law, notwithstanding the defendant's plea and the evidentiary significance of such provisions. Where the issue of liability is sharply disputed, as it is on the instant record, the parties are entitled to have the court hew to the line and let the chips fall wherever they may. Such was the holding in Robinson v. Transportation Co.,214 N.C. 489, 199 S.E. 725; Farrow v. White, 212 N.C. 376,193 S.E. 386; Orvis v. Holt, 173 N.C. 231, 91 S.E. 948; Matthews v. Myatt,172 N.C. 230, 90 S.E. 150. The decisions *Page 826 
in Ryals v. Contracting Co., ante, 479; Mack v. Marshall Field Co.,218 N.C. 697, 12 S.E.2d 235; and Smith v. Kappas, post, 850, are likewise in full support of this view.
The conclusion heretofore reached that the judgment should be affirmed will be vacated and the cause remanded to the Superior Court of Buncombe County for a new trial. Ch. 117, Public Laws 1941.
Petition allowed.
SEAWELL, J., dissents.