MARTHA H. LEGGETT, EXECUTRIX, v. ATLANTIC COAST LINE
RAILROAD COMPANY.

(Filed 28 February, 1917.)

**Appeal and Error—Instructions—Harmless Error.**

In this action against a railroad company to recover damages for
a death alleged to have been caused by the defendant's negligence in-
volving the usual issues, the principal negligence relied on was the de-
fendant's failure to properly light its depot, which the jury answered
in the negative under a charge free from error, and construing the
charges as a whole, it is *Held,* that the court's reference to certain mat-
ters affecting the second issue, as to contributory negligence, was not
reversible error to the plaintiff's prejudice.

CIVIL ACTION, tried before *Daniels, J.,* and a jury, at June term,
1916, of MARTIN.

The cause was before this Court on a former appeal by plaintiff from
a judgment of nonsuit in the Superior Court, the judgment being set
aside here, and the general facts tending to fix responsibility on de-
fendant will be found stated in the opinion on that appeal, reported in
168 N. C., 366.

The opinion having been certified down, the cause was tried, as stated, before Judge Daniels and a jury, on the three ordinary issues in suits of this character:

1. Was the death of plaintiff's testator caused by the negligence of defendant company?

2. If so, did deceased, by his own negligence, contribute to the injury?

3. What damages is plaintiff entitled to recover?

Both sides offering testimony, the court charged the jury, who rendered their verdict on the first issue, "No."

Judgment for defendant, and plaintiff excepted and appealed.

*Critcher & Critcher, Winston & Biggs, Wheeler & Martin, and Winston & Matthews for plaintiff.*

*F. S. Spruill and H. W. Stubbs for defendant.*

PER CURIAM. We have carefully considered the record and the exceptions noted, and are of opinion that the cause has been tried in substantial accord with the principles laid down in the former appeal, and that no reversible error has been shown. The reference of the court, in the charge on the first issues, to certain facts in evidence tending to establish contributory negligence should not be allowed to affect the result. The principal negligence alleged against the defendant was a failure of the defendant to provide adequate lights at the station where the testator was present as a passenger, intending to take its next schedule train, and the court, in such clear and explicit terms, instructed the jury, and more than once, that if there was negligent breach of duty in this respect, and such negligence was the proximate cause of testator's death, to answer the issue "Yes," that the jury could not possibly have been misled, and the reference suggested, if mistaken, should not be held for reversible error.

It has often been held with us: "The charge to a jury must be considered as a whole in the same connected way in which it was given, and upon the presumption that the jury did not overlook any portion of it. If, when so construed, it presents the law fairly and correctly, it will afford no ground for reversing the judgment, though some of the expressions, when standing alone, might be regarded as erroneous." *Kornegay v. R. R.,* 154 N. C., 389; *S. v. Exum,* 138 N. C., 600; and considering the record and charge in the light of this recognized and wholesome principle, we are of opinion, as stated, that no prejudicial error appears and the cause has been correctly tried.

No error.