### LYMAN WILSON v. L. A. WILSON.

(Filed 23 December, 1925.)

**1. Instructions—Statutes—Evidence—Appeal and Error.**

Our statute, C. S., 564, requiring the trial judge to plainly and concisely state the evidence in the case, and declare and explain the law arising thereon, gives to the parties to the action a substantial right. The jury has the sole and exclusive function of finding the facts from the evidence under the law thus given them, and it is not their duty, in any event, to determine what is the law.

**2. Same—Damages.**

> Where a breach of contract for services rendered is at issue, each party contending a breach thereof by the other, and asking for damages, it is required by C. S., 564, that the trial judge charge the jury upon the law in the case arising from the evidence upon the issue as to damages, as well as the other essential features of the case necessary to a correct verdict, and his failure to charge upon this issue, is reversible error.

**3. Instructions—Contentions—Appeal and Error.**

> It is not required by our statute C. S., 564, or by law, that the judge give the contentions of the parties in his instructions to the jury.

**4. Instructions—Pleadings.**

> The pleadings are the basis for the evidence, and the law to be given in the charge to the jury.

APPEAL by defendant from JACKSON Superior Court. *Finley, J.*

Action on account of breach of contract. From a judgment in favor of plaintiff, upon a jury verdict, the defendant appeals. New trial.

*A. Hall Johnston, W. R. Sherrill and Alley & Alley for plaintiff.*
*Walter E. Moore and C. C. Buchanan for defendant.*

VARSER, J. The plaintiff sued the defendant for benefits which accrued to the defendant on account of defendant's failure to perform an oral contract to convey a tract of land in consideration of plaintiff's services in operating, and laboring on, the defendant's home place and to pay for farming equipment, and to pay defendant's sister $500 in installments, as set out in the complaint. The defendant says he made contract with plaintiff to convey him the land on compliance with the details thereof, as set out in the answer, and alleges a breach on plaintiff's part and damages resulting therefrom, and from other uses of defendant's property. Each lays the fault at the other's door.

The issues submitted, without objection, and the jury's answers, are as follows:

"1. Did the plaintiff and defendant enter into a contract under the terms of which the defendant agreed to convey to the plaintiff by will or deed the lands referred to in the pleadings, in consideration of plaintiff's services and other considerations as alleged in the complaint and answer? Answer: Yes.

"2. Did the defendant commit a breach of said contract as alleged in the complaint? Answer: Yes.

"3. What amount, if any, is plaintiff entitled to recover of the defendant for services rendered under said contract? Answer: $2,535, less $388, with interest on $2,147.

"4. Did the plaintiff commit a breach of said contract as alleged in the answer? Answer: No.

WILSON *v.* WILSON.

"5. What amount, if any, is the defendant entitled to recover of the plaintiff by reason of the counterclaim pleaded in the answer? Answer: None."

The defendant challenges the correctness of the trial below in that the charge to the jury does not comply with C. S., 564. This statutory requirement that the judge "shall state in a plain and correct manner the evidence given in the case, and declare and explain the law arising thereon" is intended to give the jury all the law necessary to a proper determination of the issues. The jury's duty is limited to the sole and exclusive function of finding the facts, under the rules of law applicable, and given to them by the judge. This statute (C. S., 564) created a substantial legal right in the parties (*Nichols v. Fibre Co., ante,* 1). It is error to fail to comply with it. In the instant case the court gave a correct charge as to the burden of proof, but did not state the rule for the admeasurement of damages arising from the implied contract, in case the voidable parol contract to convey was disaffirmed and breach and benefits were received.

The contentions of the parties are fully given. That the contentions be given is neither required by the statute, C. S., 564, nor by law. The law arises on the evidence. The basis for the law and the evidence is the pleadings.

It was necessary to state the law arising on the various phases of the evidence, as to benefits received, or services rendered, and the damages to the property used by either of the parties, and on all other facts which the jury should find from the evidence, when such facts constitute a part of the basis for the answers to the issues. *Nichols v. Fibre Co., supra; Richardson v. Cotton Mills,* 189 N. C., 653; *S. v. O'Neal,* 187 N. C., 22; *S. v. Thomas,* 184 N. C., 757; *S. v. Merrick,* 171 N. C., 788, 795; *Hauser v. Furniture Co.,* 174 N. C., 463; *Watson v. Tanning Co., post,* 840.

Of course, this error resulted from a temporary oversight on the part of the careful and painstaking judge who tried this case.

We call attention to the first issue as it appears in the judgment, in so far as it adopted the allegations in the complaint and in the answer. This issue elsewhere in the record omits the words "and answer." If the issue is correctly recited in the judgment, it would, apparently, not support a judgment, for that, the allegations in the complaint and answer are at variance.

We note, also, that the defendant says, in his testimony, that he has, at all times, been able, ready and willing to comply with the contract on his part, and indicates his present readiness so to do. If the jury shall find these statements to be facts, an entirely new situation will present itself. There must be a

New trial.