PRATER PULVERIZER COMPANY, a Corporation, v. F. H. JENNINGS, Trading as LEWISVILLE ROLLER MILLS.

(Filed 22 May, 1935.)

**1. Appeal and Error E h—**

Where the answers of the jury to the first two issues renders the answering of the third issue unnecessary, an exception to the admission of evidence relating to the third issue becomes immaterial and need not be considered on appeal.

**2. Trial E g—**

The charge in this case, when construed as a whole in the light of the issues, *is held* not to contain reversible error and to fairly present the contentions of the parties and the law applicable to the theory of trial.

**3. Trial E f—**

If the charge fails to fully set forth a party's contentions or incorrectly states them, it is incumbent upon the party to aptly request additional or more specific statements of the contentions.

**4. Appeal and Error B b—**

An appeal will be considered in the light of the theory of trial in the lower court.

Appeal from *Hill, J.,* at July Special Term, 1934, of Forsyth. No error.

This was a civil action, instituted by the plaintiff against the defendant in the Forsyth County court to recover the purchase price of "1 No. 30 Blue Streak custom mill complete," and accessories, and to subject said property to sale to satisfy such debt, wherein the defendant admitted the delivery of the property but set up as a defense to the action that such property was delivered to him upon the condition precedent that he should first try out the mill to ascertain if it met the guarantee of the seller that it would "grind feed better and at a lower cost per hundred pounds than any other mill on the market," before the order providing for a conditional sales contract and notes theretofore signed by the defendant should become effective. The case was tried upon the following issues, to which answers were made as indicated, to wit:

"1. Did the defendant execute the written instrument, as alleged in the complaint? Answer: 'Yes.'

"2. Was the written instrument signed by the defendant upon a condition precedent, as alleged in the answer? Answer: 'No.'

"3. If so, has the condition precedent been fulfilled? Answer: . ....... .

"4. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: '$817.71.' "

From judgment that the plaintiff recover the sum of $817.71, and that the property be condemned and sold to satisfy the judgment, the defendant appealed from the Forsyth County court to the Superior Court, making 22 assignments of error. The case came on to be heard at term time, and the Superior Court entered judgment overruling each and every assignment of error and entered judgment affirming the Forsyth County court. Whereupon, the defendant appealed to this Court, making 13 assignments of error. ·

*Moses Shapiro and Ira Julian for plaintiff, appellee.*
*Ingle & Rucker for defendant, appellant.*

SCHENCK, J. The first assignment of error is to the admission of certain opinion evidence, and the last is to the court's refusal to set aside the verdict and to the signing of the judgment as set forth in the record. All of the others are to the charge.

The first assignment of error, which is to the court's refusal to strike out an opinion expressed by a certain witness as to what caused a given trouble in the operation of the mill becomes immaterial on this appeal, since the evidence relates to the third issue and the answering of that issue was rendered unnecessary by the answers to the first and second issues.

We have examined with care the many objections to the charge of the court, but upon reading the charge as a whole we are left with the impression that it was complete and fair to the defendant, and in accord with the theory upon which the case was tried. It is said in *Murphy v. Coach Company,* 200 N. C., 92, "In a long charge, we do not think technical matters contended as errors, fished out of the charge, can be held as reversible or prejudicial error, when on the whole the charge is correct." And it is further said in *Leggett v. R. R.,* 173 N. C., 698, "The charge to a jury must be considered as a whole in the same connected way in which it was given, and upon the presumption that the jury did not overlook any portion of it. If, when so construed, it presents the law fairly and correctly, it will afford no ground for reversing the judgment, though some of the expressions, when standing alone, might be regarded as erroneous."

The charge in this case, when read in the light of the issues, which were tendered by the appellant, fairly presents the contentions of the parties and correctly applies the principles of law under the theory upon which this case was tried, and if the defendant's contentions were not fully set forth at that time, or were incorrectly stated, it was incumbent upon him to have requested the court to present more specific and additional or different contentions. *Proctor v. Fertilizer Company,* 189

N. C., 243. A party is not permitted to try his case in the lower court upon one theory and then ask the Supreme Court to hear it on another and different theory. *Walker v. Burt,* 182 N. C., 325, and cases there cited.

This was a case for trial by jury. The evidence was conflicting and a finding of the facts was necessary to adjudicate the differences between the parties. Under a charge free from prejudicial error, the jury has answered the issues, tendered by the defendant, in favor of the plaintiff, and, therefore, we can see no reason for disturbing the judgment based upon the verdict.

No error.