R. L. FALLS v. A. R. MOORE, N. J. PHILLIPS, S. C. DERRICK, S. L. SUGGS, W. A. McFARLAND, JAMES B. VOGLER. L. S. WIGGINS, H. F. ROBERTS, N. J. COVINGTON, R. P. COVINGTON, M. L. WATTS, MRS. D. B. OVERCASH, CARL A. ANDERSON, AND C. H. HUNTER.

(Filed 16 December, 1936.)

APPEAL by defendants from *Shaw, J.,* and a jury, at 20 April, 1936, Extra Civil Term of MECKLENBURG. No error.

This is an action brought by plaintiff against the defendants to recover for 26 weeks service rendered defendants, from 1 January, 1935, to 1 July, 1935, the sum of $650.00, less a credit of $111.10, leaving a balance of $538.90, and also for material defendants agreed to pay plaintiff for in the amount of $25.02.

The plaintiff alleged that this $650.00 was due him for services under section 11 of a contract between him and defendants, which is as follows: "From January 1, 1935, until and including June 30, 1935, the parties of the second part or such corporation shall pay to the party of the first part the sum of $25.00 per week for the services of the party of the first part, it being understood and agreed that during said period said party of the first part shall work exclusively in manufacturing said caskets or vaults."

The defendants denied the material allegations of the complaint and pleaded fraud, and set up a counterclaim for $900.00.

The issues submitted to the jury and their answers thereto were as follows:

"1. What amount, if any, are the defendants indebted to the plaintiff? Answer: '$564.12, plus interest from 7/1/35, until paid.'

"2. Was the contract described as 'Exhibit A' and attached to plaintiff's complaint procured from the defendants by false and fraudulent representations of the plaintiff, as alleged in the answer? Answer: 'No.'

"3. What amount, if any, is the plaintiff indebted to the defendants? Answer: 'Nothing.' "

The defendants made numerous exceptions and assignments of error, and appealed to the Supreme Court.

*Chase Brenizer for plaintiff.*
*Stancill & Davis for defendants.*

PER CURIAM. At the close of plaintiff's evidence and at the close of all the evidence, the defendants made motions in the court below for judgment as in case of nonsuit. C. S., 567. The court below overruled these motions, and in this we can see no error. The long contract, made in December, 1934, by the litigants, consisting of some 14 paragraphs, was not denied. In fact, the defendants in their further answer say: "That these defendants knew nothing of the value of said process or composition of matter which the plaintiff was supposed to have patented for the purpose of manufacturing permanent sealed air-tight waterproof burial casket or vault, but relied exclusively upon the fraudulent and false representations made by the plaintiff as to the merits of the said material. That relying on the said false and fraudulent representation made by the plaintiff as to the value of the said composition or material, these defendants entered, in good faith, and signed the alleged contract referred to in paragraph 3 of the first cause of action of plaintiff's complaint, known as 'Exhibit A.'"

The defendants further answered the complaint, and said: "That the said plaintiff, after wasting $900.00 of the defendants' money, thoroughly demonstrated that he was unable to manufacture or to make even one burial casket or vault. That the said materials were wholly unfit for the manufacture of said burial caskets and vaults. That the said burial caskets and vaults which the plaintiff attempted to make in a few months cracked, bursted, and melted down and were utterly worthless for any purpose."

There was evidence, *pro* and *con,* on the issues submitted. A burial casket was even brought into court by the defendants to show the worthlessness. Several witnesses for defendants testified, in effect: "That Falls (the plaintiff) represented that the caskets would be air-tight and waterproof and germ-proof, and would outlast anything on the market." On the contrary, plaintiff testified that the caskets were as represented. The matter of the patent was all gone into and considered by the jury, also the counterclaim of defendants.

The whole matter was one of fact, and on the evidence the jury could have decided either way. The charge of the court below contained some 14 pages. After a careful reading, we can see no error in it. In fact, the learned judge in the court below carefully charged the law applicable to the facts, charged what was fraud, properly placed the burden of proof, reviewed the evidence, gave the contentions carefully, and complied

with N. C. Code, 1935 (Michie), sec. 564. If defendants desired a more detailed charge, they should have requested same by proper prayers for instructions.

In the judgment of the court below we find

No error.